UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PATIENCE G.,

                Plaintiff,

   v.                                                     3:23-CV-0677 (AMN/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

**APPEARANCES:**                                            **OF COUNSEL:**

**THE LAW OFFICES OF**
**STEVEN R. DOLSON PLLC**                      **STEVEN R. DOLSON, ESQ.**
6320 Fly Road – Suite 201
East Syracuse, New York 13057
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**      **JOHANNY SANTANA, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On June 7, 2023, Plaintiff Patience G.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income under the Social Security Act. *See* Dkt. No. 1 ("Complaint").

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on July 17, 2024, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, and affirm the Commissioner's decision.  See Dkt. No. 17 ("Report-Recommendation"). Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 19.[2]  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks concluded that the Commissioner's decision complied with the relevant legal standards and was supported by substantial evidence. *See* Dkt. No. 17 at 11-12, 14-15, 18-19. First, while the Court acknowledged that the ALJ did not explicitly use the terms "supportability" or "consistency" with respect to certain individual medical opinions, the ALJ still "addressed each opinion in turn and explained what each source relied upon to come to their conclusions, how that impacted the persuasiveness of their opinions, and whether and to what extent the opinions were consistent with the record as a whole." *Id.* at 11 (citing, *inter alia*, *Eric G. v. Comm'r of Soc. Sec.*, No. 5:21-CV-01314, 2023 WL 3004780, at *4 n.1 (N.D.N.Y. 2023)). Next, the Court found that, because the ALJ thoroughly considered the longitudinal medical record, including Plaintiff's "generally unremarkable physical examinations" with specialists, as well as treatment notes that indicated consistently normal findings such as "intact memory, attention, and concentration," the ALJ reasonably inferred that Plaintiff's Residual Functional Capacity questionnaire was based heavily on Plaintiff's narrative rather than objective clinical findings. *Id.* at 13 (citing, *inter alia*, *Medina v. Comm'r of Soc. Sec.*, 831 Fed. Appx. 35, 36 (2d Cir. 2020)). Finally, with respect to the ALJ's decision to discount certain medical source opinions, the Court noted that the ALJ accurately and comprehensively discussed all medical opinions in succession and any findings of inconsistency were justified based on their lack of support from the objective evidence in the complete medical record. *Id.* at 18-19 (citing, *inter alia*,

*Young v. Kijakazi*, 20-CV-03604, 2021 WL 4148733, at *10-11 (S.D.N.Y. Sept. 13, 2021)).

The Court agrees with Magistrate Judge Dancks for the reasons set forth in the Report-Recommendation. *See, e.g.*, *Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it") (citations and internal quotations omitted), *report and recommendation adopted,* 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

IV.   **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, is **DENIED**, and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 27, 2024
       Albany, New York

*/s/ Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge